ORIGINAL

FILED
OCT 10 2006
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**BRICKWOOD CONTRACTORS, INC.**

**v.** **No. 06-695 C**

**THE UNITED STATES**

**COMPLAINT**

COMES NOW Plaintiff Brickwood Contractors, Inc., by counsel, and for its Complaint against Defendant The United States, states the following:

**THE PARTIES**

1. Plaintiff Brickwood Contractors, Inc. ("Brickwood") is a corporation organized under the laws of the Commonwealth of Virginia with its principal place of business located at 11304 Industrial Road, Manassas, Virginia 20109. Brickwood is considered a small business for federal government contracting purposes.

2. Defendant The United States is acting by and through the Department of Justice / Federal Bureau of Prisons (collectively and individually as the "United States").

**JURISDICTION**

3. Jurisdiction is proper in this Court pursuant to the Tucker Act (28 U.S.C. § 1491). This action is brought pursuant to the Contract Disputes Act of 1978, as amended (41 U.S.C. §§ 601, *et seq.*).

**WRONGFUL TERMINATION FOR DEFAULT**
**(Conversion of a Termination for Default into a Termination for Convenience)**

4. On or about May 5, 2003, the United States prepared a certain Invitation For Bid, Solicitation No. 20802-0104, (the "IFB") for the purpose of inviting various contractors, including Brickwood, to bid on a certain construction project known as FCI Loretto Water Tower Repair located in Loretto, Pennsylvania (the "Project").

5. Pursuant to the IFB, Brickwood submitted its bid to the United States (the "Bid").

6. On or about July 23, 2003, the United States accepted Brickwood's Bid and the United States awarded Brickwood the contract for the Project, Contract Number J20802c-011, Water Tank Renovation (the "Contract") whereby Brickwood agreed to perform certain construction services (the "Work") for the United States on the Project. The original Contract amount was at least Seven Hundred Sixty-Nine Thousand Nine Hundred Ninety-Eight Dollars and No/100 ($769,998.00).

7. Throughout the course of the Project, Brickwood and the United States entered into certain modifications to the Contract (the "Modifications") which had the effect of modifying certain aspects of the Contract including, but not limited to, the price of the Contract, the scope of Work, necessary materials, and amount of time to complete the Work.

8. Pursuant to the Contract, any Modifications to the Contract and the direction of the United States, Brickwood performed the Work on the Project.

9. On or about June 30, 2005, the United States issued a cure notice to Brickwood with respect to Brickwood's alleged performance of the Contract (the "Cure Notice").

10. On or about July 13, 2005, Brickwood responded to the Cure Notice. In its response letter, Brickwood informed the United States that the United States' allegations as contained in the Cure Notice were incorrect.

11. On or about July 28, 2005, the United States issued a show cause notice to Brickwood with respect to Brickwood's alleged performance of the Contract (the "Show Cause Notice").

12. On or about October 8, 2005, Brickwood received the United States' notice of termination for default via certified mail (the "Termination for Default Notice"). Said

Termination for Default Notice stated that Brickwood's right to proceed with its Work under the Contract, and any Modifications thereto, for the Project was terminated pursuant to Federal Acquisition Regulation ("FAR") Section 52.249-10 (April 1984) (Default; Fixed Price Construction). In the Termination for Default Notice, the United States noted that its termination for default of Brickwood from the Contract was a Final Decision. Further, the United States asserted that Brickwood's alleged failure to perform properly under the Contract was not excusable.

13. Brickwood has performed all terms, obligations, duties and conditions of the Contract and any Modifications to the Contract, except to the extent excused. Brickwood was not in default of the Contract. To the extent that Brickwood was unable to perform properly under the Contract, such alleged deficient performance was excusable.

14. The United States was not substantially justified in terminating Brickwood for default.

15. Pursuant to FAR Section 52.249-10(c), the termination for default shall be converted to a termination for convenience and governed by FAR Section 52.249-2 (September 1996) (Termination for Convenience of the Government; Fixed Price) (Alternate I; September 1996).

16. Brickwood has fulfilled and satisfied all conditions precedent to the bringing of this action.

17. Pursuant to the Equal Access to Justice Act (28 U.S.C. § 2412), Brickwood should be awarded its attorneys' fees, costs and expenses which Brickwood incurred as a result of the proceedings *sub judice*.

WHEREFORE, Plaintiff Brickwood Contractors, Inc. respectfully requests that this Honorable Court enter judgment in favor of Plaintiff Brickwood Contractors, Inc. and against Defendant The United States which:

(a) finds that Defendant The United States' wrongfully terminated Plaintiff Brickwood Contractors, Inc. for default;

(b) orders that Defendant The United States' Termination for Default is converted to a Termination for Convenience, and as such, Plaintiff Brickwood Contractors, Inc. retains its right to present a final settlement termination proposal to Defendant The United States pursuant to FAR Section 52.249-2;

(c) awards Plaintiff Brickwood Contractors, Inc. its attorneys' fees, costs and expenses which Plaintiff Brickwood Contractors, Inc. incurred as a result of the proceedings *sub judice* pursuant to the Equal Access to Justice Act (28 U.S.C. § 2412); and

(d) grants such other and further relief in favor of Plaintiff Brickwood Contractors, Inc. as may be necessary and just.

Respectfully submitted,

BRICKWOOD CONTRACTING, INC.

By Counsel

Gerald I. Katz
Mark J. Stone
Justin M. Ganderson, Of Counsel
KATZ & STONE, L.L.P.
8230 Leesburg Pike, Suite 600
Vienna, Virginia 22182
703.761.3000
703.761.6179 (fax)
Date Executed: October 10, 2006