IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BRICKWOOD CONTRACTORS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-695C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully requests the Court to dismiss plaintiff's complaint for lack of subject matter jurisdiction. In support of our motion, we rely upon the following memorandum of law and the attached declaration of Robert J. Kruskie.

**ISSUE PRESENTED**

Whether this Court should dismiss plaintiff's complaint for lack of subject matter jurisdiction because it is barred by the 12-month statute of limitations contained in the Contract Disputes Act.

**STATEMENT OF THE CASE**

Plaintiff, Brickwood Contractors, Inc. ("Brickwood"), brings this action pursuant to the Contract Disputes Act of 1978, 41 U.S.C. §§ 601 et. seq., alleging wrongful termination for default. According to Brickwood, on or about July 23, 2003, the United States awarded Brickwood the contract for a water tank renovation project, Contract Number J20802c-011, whereby Brickwood agreed to perform certain construction services for the United States. Compl. ¶ 6. On or about June 30, 2005, the United States issued a cure notice to Brickwood with respect to Brickwood's performance on the contract. Compl. ¶ 9. On or about July 13,

2005, Brickwood informed the United States, via letter, that the allegations contained in the cure notice were incorrect. Compl. ¶ 10. On or about July 28, 2005, the United States issued a show cause notice with respect to Brickwood's performance. Compl. ¶ 11. On or about October 8, 2005, Brickwood received the United States' notice of termination for default via certified mail. Compl. ¶ 12. The termination notice stated that the termination was a Final Decision. Id. Brickwood filed its complaint in this action on October 10, 2006.

Brickwood alleges that it "performed all terms, obligations, duties and conditions of the Contract and any Modifications to the Contract, except to the extent excused." Compl. ¶ 13. Accordingly, Brickwood requests that this Court convert the termination for default to a termination for convenience and award Brickwood attorneys' fees, costs, and expenses. Compl. at 4.

## ARGUMENT

### I. Standard Of Review For Motions To Dismiss

The Court of Federal Claims is a court of limited jurisdiction. Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428, aff'd, 758 F.2d 665 (Fed. Cir. 1984)(table). If the Court finds jurisdiction lacking as a matter of law, dismissal is required. Thoen v. United States, 765 F.2d 1110, 1116 (Fed. Cir. 1985). The plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citing

Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)).

When considering a motion to dismiss based upon lack of subject matter jurisdiction, this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The Court may examine relevant evidence in order to resolve any factual disputes. See Moyer v. United States, 190 F.3d 1314, 1318 (Fed. Cir. 1999); Reynolds, 846 F.2d at 747.

## II. This Court Lacks Jurisdiction To Entertain Brickwood's Claim Because The Statute of Limitations Has Run

The Contract Disputes Act ("CDA") provides that an action pursuant to a CDA claim "shall be filed within twelve months from the date of receipt by the contractor of the decision of the contracting officer concerning the claim." 41 U.S.C. § 609(a)(3). The CDA requires that the contracting officer "shall issue his decisions in writing, and shall mail or otherwise furnish a copy of the decision to the contractor." 41 U.S.C. § 605(a). The regulations implementing the CDA further specify that the decision is to be provided to the contractor via "certified mail, return receipt requested, or by any other method that provides evidence of receipt." 48 C.F.R. § 33.211(b). The Federal Circuit has interpreted receipt to mean "actual physical receipt of the decision by the contractor or his representative." Riley & Ephriam Constr. Co., Inc. v. United States, 408 F.3d 1369, 1372 (Fed. Cir. 2005) (quoting Borough of Alpine v. United States, 923 F.2d 170, 172 (Fed. Cir. 1991)). "Objective indicia of receipt by the contractor" must be shown to establish the date of proper delivery." Id.

According to Brickwood, the notice of termination for default ("notice") was first received via certified mail on October 8, 2005. Compl. ¶ 12. Based on this date, the filing of the complaint on October 10, 2006 was "within twelve months from the date of receipt," and

therefore timely. See 41 U.S.C. § 609(a)(3). However, there is ample evidence that the termination notice was received on September 15, 2005 via facsimile, and therefore the complaint is untimely and is thus barred by the statute of limitations. A facsimile confirmation sheet shows a successful transmission of the termination notice to Brickwood's facsimile number of record on September 15, 2005 at 9:40. Attachment A to Kruskie Decl. The contracting officer, Robert J. Kruskie, has also testified that the termination notice was successfully sent to Brickwood via facsimile on September 15, 2005. Kruskie Decl. ¶ 3. Furthermore, immediately after successfully sending the notice to Brickwood via facsimile, Mr. Kruskie attempted to telephone Brickwood to confirm receipt of the notice but the phone call was not answered. Kruskie Decl. ¶ 4. Because the United States had previously experienced problems confirming Brickwood's receipt of documents,[1] Mr. Kruskie also sent the termination notice to Brickwood's address of record via Federal Express on September 15, 2005. Kruskie Decl. ¶ 5. This mailing was returned undelivered. Id. Mr. Kruskie made three additional attempts to deliver the notice via Federal Express on September 19, September 20, and September 21, 2005. Id. These three mailings were also returned undelivered. Id. Mr. Kruskie mailed the termination notice to Brickwood's address of record via certified mail on September 15, 2005, but Brickwood did not sign for the mailing until October 8, 2005. Kruskie Decl. ¶ 6. The United States also would have attempted to hand deliver the termination notice to Brickwood (as it had done with the cure notice), but this was not an option because Brickwood had not been on the project site since mid-

[1] As stated above, the United States issued a cure notice to Brickwood on June 30, 2005. The United states attempted to confirm receipt of the cure notice via approximately six facsimile transmissions, six phone calls, and four Federal Express mailings, all of which were unsuccessful. Kruskie Decl. ¶ 9. The United States was finally able to verify receipt of the cure notice by hand delivering it to Brickwood at the project site on July 6, 2005. Id.

August 2005. Kruskie Decl. ¶ 7.

We are aware that in Riley the court suggested that a facsimile confirmation sheet alone may not be sufficient evidence of receipt. See Riley, 408 F.3d at1372-73. However, Brickwood's avoidance of all communications from Mr. Kruskie after September 15, 2005 provides more than sufficient additional evidence that Brickwood received the notice via facsimile on that date. Brickwood received the notice, knew that Mr. Kruskie was required to confirm receipt, and made every possible effort to prevent him from doing so, just as it had done with respect to the June 30, 2005 cure notice. Ironically, Brickwood's avoidance of confirmation of receipt provides the strongest evidence that the facsimile was in fact received on September 15, 2005, and that therefore the complaint was untimely filed on October 10, 2006.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court dismiss the complaint for lack of jurisdiction.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ DONALD E. KINNER
DONALD E. KINNER
Assistant Director

/s/ MEREDYTH D. COHEN
MEREDYTH D. COHEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-7978
Fax: (202) 514-8624

Attorneys for Defendant

Of Counsel:

WILLIAM ROBINSON
Federal Bureau of Prisons

January 25, 2007

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BRICKWOOD CONTRACTORS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-695C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF ROBERT J. KRUSKIE**

Pursuant to 28 U.S.C. § 1746, I, Robert J. Kruskie, declare that the following is true and correct and based upon my personal knowledge, and that I am competent to testify to the matters contained herein.

1. I am a contracting officer in the Field Acquisition Office/Central Office of the Federal Bureau of Prisons ("FBOP"). I have been a warranted contracting officer for the FBOP for almost 14 years. I have been in my current position since February 2003. I am the contracting officer for solicitation number IFB 20802-0104, for the restoration of a water tower at FCI Loretto, Pennsylvania, which was awarded on July 25, 2003, to Brickwood Contractors, Inc. ("Brickwood"), under contract number J20802c-011.

2. I am over the age of 18 and have personal knowledge of the matters set forth herein and if called as a witness could competently testify thereto.

3. On September 15, 2005, FBOP issued Brickwood the Termination for Default via Modification 0010. The Termination for Default was successfully sent to Brickwood via facsimile transmission to the facsimile number of record at 9:40 a.m. on September, 15, 2005. A true and accurate copy of the facsimile confirmation sheet is attached to this declaration as Attachment A.

4. On September 15, 2005, after sending the Termination for Default via facsimile transmission, FBOP attempted to place a phone call to Brickwood's phone number of record to confirm receipt of the document but the phone call was not answered.

5. Because FBOP had previously experienced problems obtaining from Brickwood acknowledgment of receipt of documents, on September 15, 2005, FBOP also sent the Termination for Default via Federal Express. FBOP sent the Termination for Default to Brickwood's address of record three additional times via Federal Express. The dates of these additional Federal Express mailings were September 19, September 20, and September 21, 2005. All four of the Federal Express mailings were returned undelivered.

6. The FBOP also mailed the Termination for Default (Modification 0010) via certified mail to the address of record on September 15, 2005, but it was not signed for by Brickwood until October 8, 2005.

7. Upon review of the contract file, I learned that Brickwood had not been on the project site since the middle of August 2005. Thus, hand delivery and confirmation of receipt were not an option FBOP could pursue.

8. FBOP experienced similar difficulties establishing Brickwood's receipt of the FBOP's Cure Notice.

9. The Cure Notice was originally issued on June 30, 2005. FBOP made approximately six unsuccessful facsimile transmissions, six unsuccessful phone calls, and four unsuccessful Federal Express mailings of the Cure Notice. According to the contractor daily log, FBOP was finally able to verify Brickwood's receipt of the Cure Notice through hand delivery on July 6, 2005. This was possible because Brickwood was still working at the project site during the time.

A true and accurate copy of the contractor daily log is attached to this declaration as Attachment B.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 25, 2007.

Robert J. Kruskie

Robert J. Kruskie
Contracting Officer
Federal Bureau of Prisons
Field Acquisition Office/Central Office

# Attachment A

*** TX REPORT ***

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 1258 |
| CONNECTION TEL | 97033920229 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 09/15 09:40 |
| USAGE T | 02'28 |
| PGS. | 5 |
| RESULT | OK |

Brickwood

## AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT

1. CONTRACT ID CODE — PAGE 1 OF PAGES 1

2. AMENDMENT/MODIFICATION NO. 0010
3. EFF. DATE 09/15/2005
4. REQUISITION/PURCHASE REQ. NO.
5. PROJECT NO. *(If applicable)* FK4

6. ISSUED BY — CODE
Federal Bureau of Prisons
Field Acquisition Office
USP Allenwood
Route 15 - 2 Miles N. of Allenwood
Allenwood PA 17810

7. ADMINISTERED BY *(If other than Item 6)* — CODE
Field Acquisition Office
USP Allenwood
P. O. Box 3500
White Deer PA 17887

8. NAME AND ADDRESS OF CONTRACTOR *(No., street, county, State and Zip Code)*
Brickwood Contractors Inc.
11304 Industrial Road
Manassas VA 20139-3910

CODE 012567939 — FACILITY CODE

9A. AMENDMENT OF SOLICITATION NO.

9B. DATED *(SEE ITEM 11)*

X 10A. MODIFICATION OF CONTRACT/ORDER NO. J20802c-011 /

10B. DATED *(SEE ITEM 13)* 07/25/2003

11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

☐ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offers ☐ is extended, ☐ is not extended. Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended, by one of the following methods:

(a) By completing Items 8 and 15, and returning ________ copies of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGEMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

12. ACCOUNTING AND APPROPRIATION DATA *(If required)*

13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS, IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

| | |
|---|---|
| | A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: *(Specify authority)* THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A. |
| | B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES *(Such as changes in paying office, appropriation date, etc.)* SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103 (b). |
| | C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF: |
| X | D. OTHER *(Specify type of modification and authority)* FAR 52.249-10 Default (Fixed-Price Construction) |

E. IMPORTANT: Contractor ☒ is not ☐ is required to sign this document and return 0 copies to issuing office.

14. DESCRIPTION OF AMENDMENT/MODIFICATION *(Organized by UCF section headings, including solicitation/contract subject matter where feasible.)*

Modification 0010 to contract J20802c-011 serves as the official Termination for Default of this contract. See the official Notice of Termination attached to

# Attachment B

DAILY RECORD PROJECT/CONTRACT: Water TEMP H/L: 85 64 BOOK NUMBER: 4

DAY: ~~Thursday~~ Tuesday DATE: 7/5/05 JOB SITE CONDITIONS: Good DRY MUDDY WEATHER: Sunny

NOTED ITEMS:

No Activity on Site No Workers
No Contractors Nothing Done
B. Kruskie Fax me Copy of Cure
Notice To Deliver To Site Supervisor unable
To Deliver Due To no Personnel on Site

ACTIVITIES

| ACT # | A. START | A. FINISH | INACT |
|---|---|---|---|
| | | | |

MANPOWER

| TRADE | SUPV | JOURN | LABOR |
|---|---|---|---|
| ~~[illegible]~~ | | | |

EQUIPMENT

| TRADE | # | TYPE |
|---|---|---|
| | | |

SIGNATURE OF OBSERVER: [signature] DATE: 7/5/05

**DAILY RECORD** PROJECT/CONTRACT: Water Tower TEMP H/L: 82 64 BOOK NUMBER: 4

DAY: Wed DATE: 7/6/05 JOB SITE CONDITIONS: Good DRY MUDDY WEATHER: Sunny

**NOTED ITEMS:**

Contractor Arrive on Site 7:30 AM with S. Furlan and S. Eaves Sat in Truck until 11:30 AM went To Lunch and Said They were going To hunt For Dirt Returned To Job site AT Approx 2:00 Delivered Cure Notice To S. Furlan he was Reluctant To Recieve it BUT Did in fact Recieve It I Informed him That he was To Ensure That Vernon Kalos and Pete Kalos Recieved it I Then Observed him reading it Several Times No Production on Site Sat in Truck most of Time Except For ½ hour They Sat on Ground No Work Escourted By M. Booker left Job Site At 3:00 Accomplished Today No Work Attempted. Witness To Delivery of Cure Notice Were M. Booker OOP S. Eaves Brickwood

SIGNATURE OF OBSERVER: DATE: 7/6/05

**ACTIVITIES**

| ACT # | A. START | A. FINISH | INACT |
|---|---|---|---|
| | | | |

**MANPOWER**

| TRADE | SUPV | JOURN | LABOR |
|---|---|---|---|
| Laborer | 1 | | 1 |

**EQUIPMENT**

| TRADE | # | TYPE |
|---|---|---|
| | | |

CERTIFICATE OF FILING

I hereby certify that on January 25, 2007, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Meredyth D. Cohen