IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BRICKWOOD CONTRACTORS, INC.,<br>Plaintiff,<br>v.<br>THE UNITED STATES<br>Defendant. | Case No.: 1:06-cv-695-EJD |

**RESPONSE OF BRICKWOOD CONTRACTORS, INC. TO MOTION TO DISMISS**

Comes now, Brickwood Contractors Inc., by counsel, and states the following in opposition to the Motion to Dismiss ("Motion to Dismiss") filed by Defendant The United States:

**ISSUE PRESENTED**

As styled by Defendant, the issue is whether the Court should dismiss the Complaint filed by Brickwood on the basis that the Court lacks subject matter jurisdiction due to a statute of limitations. In reality, Defendant has not filed a Motion to Dismiss based upon the lack of subject matter jurisdiction. Instead it has filed a Motion for Summary Judgment, without filing an answer to the complaint, based upon the affirmative defense of the statute of limitations.

**STANDARD OF REVIEW—MOTION TO DISMISS**

> A plaintiff has the burden of establishing the court's subject matter jurisdiction over its claims. When deciding whether it possesses jurisdiction over a case, the court must "draw all reasonable inferences in favor of the plaintiff" and accept the facts as they are presented in the plaintiff's complaint as true. If the undisputed facts in the complaint reveal any possible basis on which the plaintiff might prevail, the court must deny the motion to dismiss.

Engineered Demolition, Inc. v. United States, (USCFC Case No. 03-2231C, Judge Lettow, filed March 28, 2006., p. 7.) (Fed. Cl. citation unknown.) (*Citations omitted*.)

> Thus, under the Tucker Act, the United States waives sovereign immunity and consents to be sued over contract disputes. However, the Tucker Act is merely a jurisdictional statute and does not confer a substantive, enforceable right against the United States. The substantive right must appear in another source of law. . . . In this case, the substantive source of law is the Contract Disputes Act of 1978 ("CDA"), Pub. L. No. 95-563, 92 Stat. 2383 (codified as amended at 41 U.S.C. §§ 601-613 (2000)).

C.D. Hayes, Inc. v. United States, (USCFC Case No. 01-376C, Judge Sweeney, filed November 30, 2006., p. 7) (Fed. Cl. citation unknown.) (*Citations omitted*.)

## ARGUMENT-MOTION TO DISMISS

Accepting the allegations of plaintiff's complaint as true, plaintiff has met its burden of establishing this Court's subject matter jurisdiction. In paragraph three of the Complaint, plaintiff specifically alleges jurisdiction of the Court is proper "pursuant in the Tucker Act (28 U.S.C. § 1491)." Plaintiff's Complaint, ¶ 3. Plaintiff further alleges in paragraph three of the Complaint that the source of law conferring a substantive, enforceable right against the United States is the "Contract Disputes Act of 1978, as amended (41 U.S.C. §§ 601, *et seq*.)." Plaintiff's Complaint, ¶ 3. Defendant concedes in its Motion to Dismiss that Plaintiff "brings this action pursuant to the Contract Disputes Act of 1978". Defendant's Motion to Dismiss, p. 3.

Defendant, of course, further concedes that this Court has subject matter jurisdiction over Plaintiff's claim by arguing that the statute of limitations contained in 41 U.S.C. § 609(a)(3) operates as a bar to Plaintiff's claim. If this Court lacked subject matter jurisdiction, then it would be without power to render a decision based upon a statute of limitations.

## STANDARD OF REVIEW—MOTION FOR SUMMARY JUDGMENT

> Summary judgment may be granted 'if . . . [the record] show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The burden of establishing that no genuine issue of material fact exists rests with the moving party. A dispute is considered to be

> 'genuine' if it 'may reasonably be resolved in favor of either party.' If a fact 'might affect the outcome of the suite under the governing law,' it will be deemed 'material.' When deciding a motion on summary judgment, the court must resolve all inferences 'in the light most favorable to the party opposing the motion.'

Engineered Demolition, Inc. v. United States, (USCFC Case No. 03-2231C, Judge Lettow, filed March 28, 2006., pp. 7-8.) (Fed. Cl. citation unknown.) (*Citations omitted*.)

Pursuant to the Contract Disputes Act of 1978, an action "shall be filed within twelve months from the date of the receipt by the contractor of the decision of the contracting officer concerning the claim . . . ." 41 U.S.C. § 608(a)(3).

> The CDA requires that "[t]he contracting officer shall issue his decisions in writing, and shall mail or otherwise furnish a copy of the decision to the contractor." § 605(a). The implementing regulations further require that the decision is to be provided to the contractor via "certified mail, return receipt requested, or by any other method that provides evidence of receipt." 48 C.F.R. § 33.211(b) (2004) (emphasis added).
>
> The Federal Circuit has interpreted receipt by the contractor to mean "actual physical receipt of that decision by the contractor [or his representative]." Borough of Alpine v. United States, 923 F.2d 170, 172 (Fed.Cir.1991) (quoting Pathman Constr. v. United States, 817 F.2d 1573, 1577 (Fed.Cir.1987)). "[O]bjective indicia of receipt by the contractor" must be shown to establish the date of proper delivery of the decision by the contracting officer. See Borough of Alpine, 923 F.2d at 172. This court has found that "[b]y linking the limitations period to receipt by the contractor, the CDA eliminates disputes about the time of actual notice, fault and misaddressing a letter, or the internal mail procedures of various contractors." Id. at 172.

Riley & Ephriam Const. Co., Inc. v. U.S., 408 F.3d 1369, p. 1372 (Fed. Cir., 2005).

## ARGUMENT—MOTION FOR SUMMARY JUDGMENT

A party has a duty to plead affirmative defenses, such as the statute of limitations, in its Answer. *See* RCFC 7, 8. To the extent that Defendant has properly pled the statute of

limitations, Plaintiff relies on the allegations of its Complaint and the Declaration of Peter Kalos in opposition to the Motion for Summary Judgment. A copy of the Declaration of Peter Kalos is attached hereto as Exhibit 1.

Defendant agrees that signed the return receipt for the Termination for Default on October 8, 2005. Kruskie Declaration, p. 2, ¶6. Defendant agrees that if Plaintiff received the notice of termination on October 8, 2005 "the filing of the complaint on October 10, 2006 was 'within twelve months from the date of receipt,'and therefore timely." Defendant's Motion, pp. 3-4. Filing the complaint on October 10, 2006 was timely due to the fact that Monday, October 9, 2006 was Columbus Day, a legal holiday. *See* 5 U.S.C. § 6103. "Legal holidays" are not calculated in the computation of the applicable period of time to determine when the complaint must be filed. RCFC 4(a).

Reviewing the facts, to the extent properly established by Defendant, in the light most favorable to Plaintiff compels this Court to dismiss the Motion for Summary Judgment. Defendant argues that because it possesses a facsimile confirmation sheet and has absolutely no confirmation of receipt by Plaintiff, it is entitled to summary judgment. Defendant relies heavily on the Declaration of Robert J. Kruskie in support of its argument. However, the Declaration reveals the deficiencies of Defendant's arguments.

In sum, the Kruskie Declaration proves only that the Notice of Termination was transmitted to a facsimile machine on September 15, 2005 and that he was unable to obtain any evidence that Plaintiff actually received the Notice of Termination until October 8, 2005. *See* Kruskie Declaration. The fact Mr. Kruskie improperly addressed the envelope of the Notice of Termination certainly contributed to the length of time elapsed prior to receipt by Plaintiff. *See* Peter J. Kalos Declaration.

Additionally, Defendant disingenuously states that "[w]e are aware that in Riley the court suggested that a facsimile confirmation sheet alone may not be sufficient evidence of receipt." Defendant's Motion, p. 5. This case cited by Defendant is completely adverse to the position stated in its Motion to Dismiss.

In Riley & Ephriam Const. Co., Inc. v. U.S., the Court of Federal Claims granted summary judgment to the United States, based in part, upon evidence of transmission of a facsimile of the contracting officer's decision, without any further indicia of actual receipt. *See* Riley & Ephriam Const. Co., Inc. v. U.S., 408 F.3d 1369 (Fed. Cir., 2005). In reversing this ruling the Federal Circuit stated

> [p]roof of message exit from a transmitting machine cannot serve as a proxy for proof of actual receipt of the sent message by a remote receiving terminal. . . . We correspondingly find that receipt by the contractor cannot be inferred from the contracting officer's statement that the machine indicated a successful transmission. In essence, the government has not offered any evidence that the fax was actually received by the contractor's attorney. Therefore the Court of Federal Claims erroneously measured the statute of limitations from the date of the fax transmission.

Riley & Ephriam Const. Co., Inc. v. U.S., 408 F.3d 1369, pp.1372-1373, (Fed. Cir., 2005) (citations ommitted).

It is clear from the holding in Riley that the mere transmission of a facsimile is insufficient evidence of actual receipt of that decision by Brickwood. As a result, Defendants attempts to bootstrap an utter lack of evidence of receipt into prevailing upon a motion for summary judgment must fail.

WHEREFORE, Brickwood Contractors, Inc., by counsel, requests that the Court enter an order dismissing Defendant's Motion to Dismiss, directing Defendant to file an Answer and granting such further and other relief as the Court deems necessary and proper.

Respectfully Submitted,
Brickwood Contractors, Inc.
by counsel

s/ Scott J. Newton
Scott J. Newton, VSB #44397
Stephens, Boatwright, Primeau, Cooper & Coleman
9255 Lee Avenue
Manassas, VA 20110
(703) 361-8246
(703) 361-4171 Facsimile
newton@manassaslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the __21______ day of February 2007 a copy of the foregoing "Motion to Substitute Attorney" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Scott J. Newton
Scott J. Newton

AFFIDAVIT OF PETER KAOS

I, Peter Kalos, President of the Brickwood Contractors, Inc., declare the following is true and correct and based upon my personal knowledge, and that I am competent to testify to the matters contained herein.

1. I am the President of Brickwood Contractors, Inc.("Brickwood").
2. That I am over the age of 18 and have personal knowledge of the matters set forth herein and if called as a witness could competently testify hereto.
3. On or about July 23, 2003 the United States awarded a contract to Brickwood for the construction project known as FCI Loretto Water Tower Repair, under Contract Number J20802c-011.
4. That at all times relevant hereto, including the calendar year 2005, Brickwood's physical and mailing address was **11304 Industrial Road, Manassas, Virginia 20109.**
5. That Brickwood received the Notice of Termination from the United States on October 8, 2005. A true and accurate copy of the Notice of Termination is attached hereto as Declaration Exhibit 1.
6. That the Notice of Termination is improperly addressed with the incorrect postal mailing zip code of 20139. *See* Declaration Exhibit 1.
7. That envelope that the Notice of Termination was sent in was also improperly addressed with the incorrect postal mailing zip code of 20139. A true and accurate copy of the envelope is attached hereto as Declaration Exhibit 2.
8. That I never received a facsimile copy of the Notice of Termination.
9. That no agents or employees of Brickwood ever received a facsimile copy of the Notice of Termination.

COMMONWEALTH OF VIRGINIA,

COUNTY OF PRINCE WILLIAM, to-wit:

This day, in my jurisdiction, aforesaid Peter Kalos, personally appeared before me, and after being duly sworn according to law, deposed and said that the facts stated herein are true and accurate to the best of his knowledge and belief.

Peter Kalos
President of Brickwood Contractors, Inc.

Subscribed and sworn to before me this 21st day of February 2007 in the jurisdiction aforesaid.

Teresa L. Hairfield
Notary Public

My Commission Expires: August 31, 2010

**AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT**

1. CONTRACT ID CODE

PAGE 1 OF PAGES 1

2. AMENDMENT/MODIFICATION NO. 0010
3. EFF. DATE 09/15/2005
4. REQUISITION/PURCHASE REQ. NO.
5. PROJECT NO. *(If applicable)* FK4

6. ISSUED BY CODE
Federal Bureau of Prisons
Field Acquisition Office
USP Allenwood
Route 15 - 2 Miles N. of Allenwood
Allenwood PA 17810

7. ADMINISTERED BY *(If other than Item 6)* CODE
Field Acquisition Office
USP Allenwood
P. O. Box 3500
White Deer PA 17887

8. NAME AND ADDRESS OF CONTRACTOR *(No., street, county, State and Zip Code)*
Brickwood Contractors Inc.
11304 Industrial Road
Manassas VA 20139-3910

CODE 012567939 FACILITY CODE

9A. AMENDMENT OF SOLICITATION NO.

9B. DATED *(SEE ITEM 11)*

X 10A. MODIFICATION OF CONTRACT/ORDER NO. J20802c-011

10B. DATED *(SEE ITEM 13)* 07/25/2003

11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

☐ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offers ☐ is extended, ☐ is not extended. Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended, by one of the following methods:

(a) By completing Items 8 and 15, and returning ________ copies of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGEMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

12. ACCOUNTING AND APPROPRIATION DATA *(If required)*

13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS, IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

| | |
|---|---|
| | A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: *(Specify authority)* THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A. |
| | B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES *(Such as changes in paying office, appropriation date, etc.)* SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103 (b). |
| | C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF: |
| X | D. OTHER *(Specify type of modification and authority)* FAR 52.249-10 Default (Fixed-Price Construction) |

E. IMPORTANT: Contractor ☒ is not ☐ is required to sign this document and return 0 copies to issuing office.

14. DESCRIPTION OF AMENDMENT/MODIFICATION *(Organized by UCF section headings, including solicitation/contract subject matter where feasible.)*

Modification 0010 to contract J20802c-011 serves as the official Termination for Default of this contract. See the official Notice of Termination attached to this modification.

Brickwood Contractors Incorporated's right to proceed under this contract is terminated. BCI's failure to perform is not excusable. The Government reserves all rights and remedies provided by law or under the contract, in addition to charging excess costs.

BCI is in default of contract J20802c-011 and has the right to appeal under the Disputes clause.

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

15A NAME AND TITLE OF SIGNER *(Type or print)*

16A. NAME AND TITLE OF CONTRACTING OFFICER *(Type or print)* Robert J. Kruskie

15B. CONTRACTOR/OFFEROR
*(Signature of person authorized to sign)*

15C. DATE SIGNED

16B. UNITED STATES OF AMERICA
BY Robert J. Kruskie
*(Signature of Contracting Officer)*

16C. DATE SIGNED 09/15/2005

NSN 7540-01-152-8070
PREVIOUS EDITION UNUSABLE

EXHIBIT
Peter Kulas Declaration 1

STANDARD FORM 30 (REV. 10-83)
Prescribed by GSA FAR (48 CFR) 53.243

U.S. Department of Justice

Federal Bureau of Prisons

*Field Acquisition Office - B&F Section*

United States Penitentiary Allenwood
P. O. Box 3500
White Deer, PA 17887

September 15, 2005

Brickwood Contractors, Inc.
Attn: Peter Kalos, President
11304 Industrial Road
Manassas, VA 20139-3910
(703) 392-0228
FAX: (703) 392-0229

Re: Contract Number J20802c-011, Water Tank Renovation
FCI Loretto - Notice of Termination

Dear Mr. Kalos:

Pursuant to the Federal Acquisition Regulation (FAR) 49.402-3(g), the Federal Bureau of Prisons (FBOP) is terminating for default contract J20802c-011, Water Tank Renovation Project at FCI Loretto, which was awarded on July 25, 2003.

Your company has failed to adequately perform on this contract. The following is a listing of work not completed properly or not at all:

**UNACCEPTABLE**

1. Handrail has been installed on the top of the containment vessel; however, the railings have not been sandblasted or painted
2. The contractor installed the required fall protection on the existing ladder system, however, the ladder system was to be replaced with a new and compliant system as per the contract documents.
3. The temporary tank liner is on site but has numerous punctures and penetrations.
4. The temporary piping system has not been pressure tested or disinfected per the specifications.
5. Newly sprayed on paint on the interior of the super structure is already showing signs of rust and deterioration.
6. The contractor has failed to produce test results that reflect the thickness of applied paint.
7. Compaction tests were not performed during the course of backfilling the ditches that contain the temporary water

line and wires for the electronic pump controllers as specified in the contract documents.

8. Piping in the Chlorine Building is out of square and does not run parallel with the walls.
9. Containment support cables that hang off the outriggers on the water containment vessel have been approved; however, they are pulling out of the ground due to non-compliant and poor installation.
10. The floor drain in the Chlorine Building has a higher elevation than the rest of the floor which causes water to run away from the floor drain instead of into it.
11. The contractor used a floor grinder to remove excessive trowel marks on the concrete floor of the Chlorine Building which left the aggregate from the concrete mix exposed.
12. The chlorination system has been installed; however, the sequence of operation of the system pumps are still unclear.
13. The contractor installed the incorrect size roof drain on the Chlorine Building.
14. The door at the Chlorine Building was not installed with the correct anchoring system.

**Work That Has Not Been Completed**

1. A submittal plan for containment of hazardous materials complete with approvals by a Certified Industrial Hygienist has not been received by the Government.
2. An acceptable schedule has not been received by the Government.
3. Exterior of the water containment vessel has not been sandblasted or painted.
4. Interior of the water containment vessel has not been sandblasted or painted.
5. Exterior of the super structure has not been sandblasted or painted.
6. The temporary tank is not constructed.
7. Temporary water service pumps have not been installed
8. Temporary emergency electrical generator has not been installed.
9. Temporary tank liner has not been installed.
10. Temporary tank cover has not been installed.
11. An approved containment system has not been erected.
12. Non-compliant handrails on the interior of the super structure have not been removed.
13. Compliant handrails on the interior of the super structure have not been welded in place, sandblasted, primed and painted.
14. Compliant ladders on the interior of the super structure have not been welded in place, sandblasted, primed and painted.
15. Ladder fall protection has not been installed on a compliant ladder system.
16. The roadway to the new Chlorine Building has not been paved.
17. Areas where asphalt has been cut and removed for temporary utilities needs to be repaired to match existing conditions.

18. Electronic telemetering system which controls the well pumps and water levels within the temporary tank has not been installed
19. The piping system to connect the temporary water tank to the existing filtration system located at the bottom of the super. structure has not been installed.
20. The control fence which surrounds the temporary water tank has not been installed.
21. No verification that employees of BCI are authorized or licensed to perform lead abatement in Pennsylvania has been received by the government.
22. Warranty for roof membrane at Chlorine Building has not been received by the government.
23. Submittal for the water vessel vent has not been received by the government.
24. No As-Built drawings have been received for any work completed.

Finally, BCI has never addressed or provided evidence that all subcontractors have been paid in full for completed and accepted work.

Brickwood Contractors Incorporated's right to proceed under contract J20802c-011 is terminated. The Contracting Officer has determined that BCI's failure to perform is not excusable. The Government reserves all rights and remedies provided by law or under the contract, in addition to charging excess costs.

This is the final decision of the Contracting Officer. You may appeal this decision to the Department of Transportation Board of Contract Appeals (DOTBCA), Nassif Building, 400 Seventh Street SW, Washington, DC 20590. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the DOTBCA and provide a copy to the Contracting Officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract number. With regard to appeals to the DOTBCA, you may, solely at your election, proceed under the board's small claim procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. Instead of appealing to the DOTBCA, you may bring an action directly in the United States Court of Federal Claims (except as provided in the Contract Disputes Act of 1978, 41 U.S.C. 603, regarding Maritime Contracts) within 12 months of the date you receive this decision.

Sincerely

Robert J. Kruskie

Robert J. Kruskie
Contracting Officer
Field Acquisition Office

cc: J. Wessner, COTR
Surety, Greenwich Insurance Company
Small Business Administration

**U. S. Department of Justice**
Federal Bureau of Prisons
*U.S. Penitentiary, Allenwood*
*P.O. Box 3500*
*White Deer, PA 17887-3500*

Official Business

Robert J Kurkio

**CERTIFIED MAIL**

7002 0510 0000 1482 2222

CN
9-20-05

UNITED STATES POSTAGE
U.S. OFFICIAL MAIL
PENALTY FOR PRIVATE USE $300
PITNEY BOWES
02 1A
0004203390
$ 04.65⁰
SEP 16 2005
MAILED FROM ZIP CODE 17887

Brickwood Contractors Inc.
Attn: Peter Kalos, President
11304 Industrial Road
Manassas, VA 20139-3910

First Notice
Second Notice 9-26
Returned

20103+3910-04 R051

EXHIBIT
Peter Kalos
Declaration 2