IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BRICKWOOD CONTRACTORS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-695C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits its reply to plaintiff's response to our motion to dismiss.

ARGUMENT

I. Defendant's Motion Is Properly Styled As A Motion To Dismiss

It is well-established that the Contract Disputes Act ("CDA") statute of limitations, 41 U.S.C. § 609(a)(3), is a jurisdictional prerequisite to the exercise of authority by the Court of Federal Claims. Bath Iron Works Corp. v. United States, 20 F.3d 1567, 1572 (Fed. Cir.1994). This is because the statute of limitations is an express limitation on the Tucker Act's waiver of sovereign immunity. Inter-Coastal Xpress, Inc. v. United States, 296 F.3d 1357, 1365 (Fed. Cir. 2002). That is, the United States has not waived its sovereign immunity for claims filed by contractors more than twelve months after the date of receipt of the contracting officer's decision, thus the Court lacks jurisdiction to consider these claims. Accordingly, our motion is properly styled as a motion to dismiss for lack of jurisdiction pursuant to RCFC 12(b)(1).

Brickwood Contractors, Inc. ("Brickwood") asserts that "[a]ccepting the allegations of the complaint as true, plaintiff has met its burden of establishing this court's subject matter

jurisdiction." Pl. Br. 2. Brickwood supports this assertion by pointing out that in paragraph three of the complaint, it alleged that jurisdiction is proper pursuant to the Tucker Act, 28 U.S.C. § 1491, and the CDA. When considering a motion to dismiss, it is true that this Court must assume that all undisputed facts alleged in the complaint are true. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). However, the Court has no obligation to accept Brickwood's jurisdictional allegations. In fact, it is this Court's obligation to examine its own jurisdiction at all stages of the proceeding. Matthews v. United States, 72 Fed. Cl. 274, 278 (2006) (citing Wood-Ivey Sys. Corp. v. United States, 4 F.3d 961, 967 (Fed. Cir.1993)). If the Court finds that it lacks jurisdiction, it must dismiss the claim. Id.

## II. Defendant Has Provided Ample Evidence That The Statute Of Limitations Has Expired

As we set forth in our motion to dismiss, the CDA provides that an action pursuant to a CDA claim "shall be filed within twelve months from the date of receipt by the contractor of the decision of the contracting officer concerning the claim." 41 U.S.C. § 609(a)(3). The evidence set forth in our motion demonstrates that Brickwood received the notice of termination for default ("notice") on September 15, 2005, but did not file its complaint in this action until October 10, 2006, more than twelve months after the date of receipt.

Brickwood asserts that Riley & Ephriam Construction Company, Inc. v. United States, 408 F.3d 1369 (Fed. Cir. 2005) is "completely adverse to the position stated in [our] motion to dismiss" because "[i]t is clear from the holding in Riley that the mere transmission of a facsimile is insufficient evidence of actual receipt of that decision by Brickwood." l. Br. 5. Brickwood is incorrect. In Riley, the only evidence of receipt produced by the defendant was a fax cover sheet, phone records indicating a 2.6 minute call to the contractor's law firm, and a statement

from the contracting officer that the machine indicated electronically that the transmission was successful. Riley, 408 F.3d at 1372. The court found that "receipt by the contractor cannot be inferred from the contracting officer's statement that the machine indicated a successful transmission." Id. at 1373. In the present case, we have more than the contracting officer's statement that the transmission was successful - we also have a facsimile confirmation sheet showing that the transmission was successful. Attachment A to Kruskie Decl. While we admit that the holding in Riley suggests that a facsimile confirmation sheet alone may not be sufficient evidence of receipt, the court in Riley explicitly stated that it "need not address whether a confirmation sheet is evidence of receipt under the CDA because the government cannot produce a fax confirmation sheet." Riley, 408 F.3d at 1372 (internal quotation marks omitted). Accordingly, Riley is not "completely adverse" to our position because it did not specifically address a situation in which, as here, the defendant produced a facsimile confirmation sheet.

Moreover, in our motion to dismiss, we produced much more evidence than the facsimile confirmation sheet to prove that the notice was received via facsimile on September 15, 2005. The court in Riley suggested that in order to confirm receipt by a contractor of a facsimile transmission, all the Government has to do is make a telephone call to the contractor or its agent to affirm actual receipt. Id. at 1373. In the present case, Mr. Kruskie did just that. Immediately after successfully sending the notice to Brickwood via facsimile, Mr. Kruskie attempted to telephone Brickwood to confirm receipt, but the telephone call was not answered.[1] Kruskie Decl. ¶ 4. Additionally, four attempts to deliver the notice to Brickwood's address of record via

[1] In its response to our motion, Brickwood provides no explanation as to why the telephone call placed to Brickwood's telephone number of record was not answered.

Federal Express were made, but all four of those mailings were returned undelivered. Kruskie Decl. ¶ 5.[2] Mr. Kruskie mailed the termination notice via certified mail on September 15, 2005. Kruskie Decl. ¶ 6. Finally, the United States would have attempted to hand deliver the notice, as it had done with past notices, had Brickwood been on the project site at the time. Kruskie Decl. ¶ 7. As we stated in our motion to dismiss, all of this is evidence not only that Brickwood received the notice on September 15, 2005, but knew that Mr. Kruskie had to confirm receipt, and made every possible effort to prevent him from doing so. Because the notice was received on September 15, 2005, this action was untimely filed on October 10, 2006 and should be dismissed.

## CONCLUSION

For these reasons, and the reasons stated in our motion to dismiss, we respectfully request that the Court dismiss the complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

---

[2] Brickwood asserts that the termination notice sent by certified mail was improperly addressed using the incorrect zip code. Kalos Decl. ¶ 6,7. We note, however, that the four Federal Express deliveries were addressed to the correct address with the correct zip code. See Exhibit 1, attached. The label in the top left corner of page 1 of Exhibit 1 shows the correct zip code, 20109. Note that pages 2 and 3 of Exhibit 1 are two copies of the same Federal Express envelope showing the numerous delivery attempts. Two copies are provided in order to account for the overlapping delivery confirmation stickers, which could not be removed from the envelope without damaging the stickers or the envelope.

/s/ DONALD E. KINNER
DONALD E. KINNER
Assistant Director

/s/ MEREDYTH D. COHEN
MEREDYTH D. COHEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-7978
Fax: (202) 514-8624

Attorneys for Defendant

Of Counsel:

WILLIAM ROBINSON
Federal Bureau of Prisons

March 6, 2007

# EXHIBIT 1

: This service area is provided for your internal use
ience. Service must be marked on airbill.

FedEx Service:

FedEx. STANDARD OVERNIGHT FRI
emp: 81620 15SEP05
TRK# 8526 3896 3579 FORM 0215
Deliver By: 16SEP05 A1
IAD
20109 -VA-US ZM CKXA

Urgent

Final Attempt

83

100

Insert airbill here

NO POUCH NEEDED.
See back for peel and stick application instructions.

RECIPIENT: PEEL HERE

**FedEx Express US Airbill** FedEx Tracking Number 8526 3896 3579

**1 From** This portion can be removed for Recipient's records.

Date 9/15/05 FedEx Tracking Number 852638963579

Sender's Name ROBERT KRUSKIE Phone 570 547-0963

Company FIELD ACQUISITION OFFICE-FBOP

Address RT 15 - 2 MI. N OF ALLENWOOD Dept./Floor/Suite/Room

City ALLENWOOD State PA ZIP 17810

**2 Your Internal Billing Reference**

**3 To**

Recipient's Name Peter Kalos Phone 703 392-0228

Company Brickwood Contractors Inc.

Recipient's Address 11304 Industrial Road
We cannot deliver to P.O. boxes or P.O. ZIP codes. Dept./Floor/Suite/Room

Address
To request a package be held at a specific FedEx location, print FedEx address here.

City Manassas State VA ZIP 201

8526 3896 3579

Form ID No. 0215 Recipient's Copy

**4a Express Package Service** *Packages up to 150 lbs.*
- [ ] FedEx Priority Overnight — Next business morning*
- [x] FedEx Standard Overnight — Next business afternoon*
- [ ] FedEx First Overnight — Earliest next business morning delivery to select locations*
- [ ] FedEx 2Day — Second business day*
- [ ] FedEx Express Saver — Third business day*

FedEx Envelope rate not available. Minimum charge: One-pound rate

**4b Express Freight Service** *Packages over 150 lbs.*
- [ ] FedEx 1Day Freight* — Next business day**
- [ ] FedEx 2Day Freight — Second business day**
- [ ] FedEx 3Day Freight — Third business day**

* Call for Confirmation:

**5 Packaging** * Declared value limit $500
- [x] FedEx Envelope*
- [ ] FedEx Pak* — Includes FedEx Small Pak, FedEx Large Pak, and FedEx Sturdy Pak
- [ ] FedEx Box
- [ ] FedEx Tube
- [ ] Other

**6 Special Handling**
- [ ] SATURDAY Delivery — Available ONLY for FedEx Priority Overnight, FedEx 2Day, FedEx 1Day Freight, and FedEx 2Day Freight to select ZIP codes
- [ ] HOLD Weekday at FedEx Location — Not available for FedEx First Overnight
- [ ] HOLD Saturday at FedEx Location — Available ONLY for FedEx Priority Overnight and FedEx 2Day to select locations

Does this shipment contain dangerous goods?
- [x] No
- [ ] Yes — As per attached Shipper's Declaration
- [ ] Yes — Shipper's Declaration not required
- [ ] Dry Ice — Dry Ice, 9, UN 1845 ___ x ___ kg
- [ ] Cargo Aircraft Only

Dangerous goods (including Dry Ice) cannot be shipped in FedEx packaging.

**7 Payment** *Bill to:* Enter FedEx Acct. No. or Credit Card No. below.
- [ ] Sender — Acct. No. in Section 1 will be billed.
- [ ] Recipient
- [x] Third Party
- [ ] Credit Card
- [ ] Cash/Check

Obtain Recip. Acct. No.

**FedEx Express Urgent**

136596 9/00 MWI

Name CM

Company 9-29-05

Address

City, State, Zip

FedEx

Door Tag Number

DT1008 0030 8699

☒ Shipper instructions require recipient's signature (must sign in person).
☐ Shipment contains dangerous goods.
☐ Security reasons/restrictions.
☐ Bill Recipient option was selected by Shipper. Please provide your FedEx account number.

☐ C.O.D. amount due $ ______ (Cash will not be accepted.)
☐ Certified check, company check, personal check, money order, official check or cashier's check acceptable.
☐ Money order, cashier's check or official check required by Shipper.

**This was our:** ☐ 1st Attempt ☐ 2nd Attempt ☒ Final Attempt*

On (day/date) Wed 21 at (time) 11:00

we tried to deliver 1 package(s).

*Note that after three delivery attempts on consecutive business days, your shipment will be held at the FedEx station address listed above for two additional business days before being returned to the SHIPPER.

Courier Employee No. 544123 Route No. 540

☐ We [were unable] to pick up your package(s) because:
☐ This is a FedEx ExpressTag® shipment. Contact the merchant (not FedEx) to reschedule a pickup.
☐ Other ______

37767827

Peel here and place label on package.

Align bottom of Peel and Stick Airbill here.

Align top of FedEx Shipping Label or ASTRA Label here.

...xpress shipments only.

Door Tag Number → DT1008 0030 8666

Peel here and place label on package.

☐ We cannot leave your package(s) because:

☒ Shipper instructions require recipient's signature (must sign in person).

☐ Shipment contains dangerous goods.

☐ Shipment reasons/restrictions.

☐ Security reasons/restrictions. ... your FedEx account number.

☐ Bill Recipient option was selected by Shipper. Please pr... ...sh will not be accepted.) ...or cashier's check acceptable.

☐ C.O.D. amount due $ ______

☐ Certified check, company check, personal check, money order, offic...

☐ Money order, cashier's check or official check req... by Shipper.

This was our: ☐ 1st Attempt ☐ 2nd Attempt ☐ Final Attempt*

On (day/date) Tue at (time) 11:45

we tried to deliver ______ package(s).

*Note that after three delive...s on consecutive business days, your shipment will be held at the FedEx station address li... for two additional business days before being returned to the SHIPPER.

Courier Employee No. 549123 Route No. 540

☐ We were ...to pick up your package(s) because:

☐ This is a FedEx ExpressTag® shipment. Contact the merchant (not FedEx) to ...dule a pickup.

☐ Othe...

37767827

DT1008 0030 8633

Peel here and place label on package.

...e:

...st sign in person).

...mber.

...ted.)

...ble.

...pt*

...l be held at the ...ned to the SHIPPER.

...t FedEx)

☐ Othe...

37767827

®

CERTIFICATE OF FILING

I hereby certify that on March 6, 2007, a copy of the foregoing “DEFENDANT'S REPLY TO PLAINTIFF’S RESPONSE TO MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Meredyth D. Cohen