IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BRICKWOOD CONTRACTORS, INC., Plaintiff, | ) | No. 06-695C |
| v. | ) | (Chief Judge Damich) |
| THE UNITED STATES, Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 16 and Appendix A, Rules of the United States Court of Federal Claims, and the May 19, 2006 Special Procedures Order, the parties submit the following joint preliminary status report.

(a) **Jurisdiction**: Plaintiff asserts that the Court has jurisdiction pursuant to The Tucker Act, 28 U.S.C. § 1491 (2000) and the Contract Disputes Act 41 U.S.C. §§ 601, *et seq*., (2002) ("CDA"). Plaintiff's justification is based upon the Notice of Termination issued by the Federal Bureau of Prisons on September 15, 2005. Pursuant to the CDA, a contractor may file a claim with this Court within 12 months of the receipt of the decision of the contracting office. Without waiving its right to appeal the Court's denial of defendant's motion to dismiss for lack of subject matter jurisdiction, defendant states that it appears at this time that the Court has jurisdiction to hear and to decide the action.

(b) **Consolidation:** The parties do not believe that this case should be consolidated with any other case.

(c) **Bifurcation:** The parties believe that bifurcation of liability and damages is inappropriate.

(d) **Deferral:** The parties know of no reason to defer, transfer or remand the case to another tribunal. There is one directly related case *Brickwood Contractors, Inc., v. The United States*, No. 1:05-cv-00271-EJD. That case was dismissed, without

prejudice, on December 20, 2005 pursuant to Rule 58 of the Rules of the United States Court of Federal Claims.

(e) **Remand/suspension**: No party seeks remand or suspension.

(f) **Joinder:** The parties do not believe any additional parties will be joined.

(g) **Dispositive Motions:** This Court denied defendant's rule 12(b) motion. The parties do not anticipate filing dispositive motions.

(h) **Relevant Factual/Legal Issues:** On July 31, 2003, the United States awarded a contract for a renovation of a water tank at a federal prison in Pennsylvania. Brickwood contends that there were various issues with respect to the specifications and hidden site conditions. Brickwood alleges that these issues caused change orders and delays to the project. Brickwood contends that it performed work pursuant to the Contract and the modifications.

The United States contends that despite a series of modifications extending the contract performance period, Brickwood continually failed to make adequate progress on the contract work. On June 30, 2005, the United States issued a Cure Notice to Brickwood based on its unsatisfactory progress. On July 13, 2005, Brickwood responded, in writing, to the Cure Notice.

On July 28, 2005, the United States issued a Show Cause Notice with respect to alleged deficiencies in the performance of the Contract by Brickwood. On October 8, 2005, Brickwood received the Termination for Default Notice issued by the United States September 15, 2005. The Termination for Default Notice listed 14 items as "Unacceptable" and 24 items as "Work That Has Not Been Completed" as the basis for terminating, for default, the right of Brickwood to proceed under the Contract.

Brickwood contends that the United States was not substantially justified in terminating its contract for default. Brickwood further contends that any allegedly deficient performance was excusable and not justification for termination for default. As a result of its position regarding the performance,

Brickwood is seeking to have the termination for default converted to a termination for convenience and allowing it to present a settlement as governed by FAR § 52.249-2.

Brickwood also may seek leave to amend the complaint on the grounds that the termination for default was designed by the Bureau of Prisons to allow it to pursue the bonding company that issued an invalid bond. The United States would oppose any such request. Brickwood alleges damages as a result of the Bureau's actions.

(i) **Settlement/ADR:** The parties are currently in settlement negotiations and hope to conclude these negotiations by the end of December, 2007. If these negotiations are not successful, plaintiff is willing to engage in ADR to resolve the matter. Plaintiff believes that a court-appointed expert/neutral fact-finder and/or a mini-trial may be beneficial to settlement procedures. Defendant does not have a position as to the usefulness of these procedures at this time, but will make this assessment at the conclusion of the current settlement negotiations.

(j) **Scheduling Plan:**

**(1)** **Place of Trial:** Washington, D.C.

**(2)** **Duration of Trial:** Plaintiff anticipates ten days for trial. The United States anticipates approximately five days.

**(3)** **Earliest date for Trial:** September 1, 2008.

**(4)** **Joinder of additional parties:** The parties do not anticipate joining additional parties.

**(5)** **Dispositive Motions:** The parties do not anticipate filing any dispositive motions.

**(6)** **Bifurcation:** The parties believe that bifurcation of liability and damages is inappropriate.

(7) **Discovery Completion:** Discovery to be completed by July 31, 2008. The parties do not anticipate that discovery will involve classified material.

(8) **Expert Witness Disclosures:**

**Plaintiff's Expert Witness Disclosure:** April 1, 2008

**Defendant's Expert Witness Disclosure:** April 30, 2008

(9) **Expert Witness Discovery Completion:** July 31, 2008.

(10) **Discovery Limits:** The parties anticipate that the presumptive limits ten depositions and 25 interrogatories should apply.

(11) **Physical/Mental Examinations:** The parties do not anticipate the need for any physical/mental examinations of the parties.

(12) **Early meeting of Counsel:** November 13, 2007.

**Rule 26(a)(1) Disclosures:** January 30, 2008.

(13) **Preliminary Scheduling Conference:** Three (3) alternative dates and times for a preliminary scheduling conference:

December 19 or 21, 2007 at 10:00 a.m.; December 20, 2007 at 2 p.m.

(k) **Appendix:** Copies of the Cure Notice, Response of Brickwood to Cure Notice, Show Cause Notice and Notice of Termination for Default are attached hereto. There number of documents, including correspondence, specifications and related materials are too voluminous to reasonably include as attachments to this Joint Preliminary Status Report.

Brickwood Contractors, Inc.

by counsel

s/Scott J. Newton
Scott J. Newton, VSB #44397
Stephens, Boatwright, Primeau, Cooper
& Coleman
9255 Lee Avenue
Manassas, VA 20110
(703) 361-8246
(703) 361-4171 Facsimile
newton@manassaslaw.com

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/Sean M. Dunn
SEAN DUNN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tele: (202) 616-0883
Fax: (202) 353-7988