**BCI**

**BRICKWOOD CONTRACTORS, INC.**
11306 Industrial Road, Post Office Box 4685
Manassas, Virginia 20108-4685

(703) 392-0228
*fax* (703) 392-0229

March 25, 2008

*via fax to 202-357-6650*
The Honorable Margaret M. Sweeney
Judge of the United States
Court of Federal Claims
717 Madison Place, N.W.
Washington, DC 20005

Dear Judge Sweeney:

Subject: Brickwood v. United States
Civil Case No. 1:06-cv-695

I received your Order in our case. As stated in the December 3, 2007, Joint Preliminary Status Report, the Government agrees we have an invalid bond. In normal circumstances, our bonding company would represent us in this case.

We have made a demand on both the company who's name appears on our invalid bond, and on the company who apparently takes responsibility for our invalid bond.

Due to the unusual circumstances of our case, we request an extension of at least 10 days to determine if a bonding company will represent us against the Government's improper termination of our contract, or if not, to take the alternate action that would be necessary.

Sincerely,

Peter Kalos
President

cc: Mr. Jeffrey S. Bucholtz, Acting Assistant Attorney General *(fax 202-514-7965)*

Brickwood is seeking to have the termination for default converted to a termination for convenience and allowing it to present a settlement as governed by FAR § 52.249-2.

Brickwood also may seek leave to amend the complaint on the grounds that the termination for default was designed by the Bureau of Prisons to allow it to pursue the bonding company that issued an invalid bond. The United States would oppose any such request. Brickwood alleges damages as a result of the Bureau's actions.

(i) **Settlement/ADR:** The parties are currently in settlement negotiations and hope to conclude these negotiations by the end of December, 2007. If these negotiations are not successful, plaintiff is willing to engage in ADR to resolve the matter. Plaintiff believes that a court-appointed expert/neutral fact-finder and/or a mini-trial may be beneficial to settlement procedures. Defendant does not have a position as to the usefulness of these procedures at this time, but will make this assessment at the conclusion of the current settlement negotiations.

(j) **Scheduling Plan:**

(1) **Place of Trial:** Washington, D.C.

(2) **Duration of Trial:** Plaintiff anticipates ten days for trial. The United States anticipates approximately five days.

(3) **Earliest date for Trial:** September 1, 2008.

(4) **Joinder of additional parties:** The parties do not anticipate joining additional parties.

(5) **Dispositive Motions:** The parties do not anticipate filing any dispositive motions.

(6) **Bifurcation:** The parties believe that bifurcation of liability and damages is inappropriate.