# In the United States Court of Federal Claims

No. 06-695 C
(Filed: April 3, 2008)

```
************************************
BRICKWOOD CONTRACTORS, INC.,       *
                                   *
                 Plaintiff,        *
                                   *
 v.                                *
                                   *
THE UNITED STATES,                 *
                                   *
                 Defendant.        *
************************************
```

**ORDER DISMISSING CASE**

Plaintiff in the above-captioned case has not been represented by counsel, in violation of Rule 83.1(c)(8) of the Rules of the United States Court of Federal Claims ("RCFC"), since February 4, 2008. On that date, the court directed plaintiff to retain new counsel, and new counsel to file a motion to substitute attorney pursuant to RCFC 83.1(c)(4), by March 10, 2008. On March 7, 2008, upon plaintiff's request, the court enlarged the deadline by two weeks to March 24, 2008, but warned that plaintiff faced dismissal of its case pursuant to RCFC 41(b) if it did not meet the deadline. Plaintiff did not meet the deadline. Thus, the following day, the court issued an order directing plaintiff to show cause, by April 1, 2008, why the case should not be dismissed pursuant to RCFC 41(b).

Plaintiff has not responded to the order to show cause, either by indicating that it has retained new counsel or by new counsel filing a motion for substitution. Plaintiff did fax a letter to the court on March 25, 2008 (followed up by the original letter sent via regular United States mail), apparently in response to the court's March 7, 2008 order,[1] requesting an additional ten days "to determine if a bonding company will represent [it] against the Government's improper termination of [its] contract, or if not, to take the alternate action that would be necessary." Had plaintiff submitted this letter in response to the order to show cause, the court would have deemed it insufficient to prevent the dismissal of this action.

---

[1] As the court explained in a second March 25, 2008 order, because the order to show cause had not yet been mailed at the time the court received the fax transmission, plaintiff could not have been responding to the order to show cause in its letter.

The substantive averments in plaintiff's letter are as follows:

> As stated in the December 3, 2007, Joint Preliminary Status Report, the Government agrees we have an invalid bond. In normal circumstances, our bonding company would represent us in this case.
>
> We have made a demand on both the company who's [sic] name appears on our invalid bond and on the company who apparently takes responsibility for our invalid bond.

First, as the court noted in its second March 25, 2008 order, plaintiff misconstrues defendant's position, as set forth in the Joint Preliminary Status Report ("JPSR"), regarding the validity of the bond. Nowhere in JPSR does defendant "agree" that plaintiff has an invalid bond. Instead, in the portion of the JPSR submitted by plaintiff, defendant indicates that it would oppose a motion to amend the complaint to include an allegation that "the termination for default was designed by the Bureau of Prisons to allow it to pursue the bonding company that issued an invalid bond."

Furthermore, plaintiff has known since at least December 3, 2007, when the parties filed the JPSR, that it could pursue one or both of the bonding companies to represent its interests in this matter. Thus, this avenue of inquiry was available to plaintiff both before and after its attorney withdrew his representation on February 4, 2008. Yet, it was not until March 25, 2008, almost two months after it its attorney withdrew from the case, that plaintiff indicated that it was pursuing this previously known option. Plaintiff has not justified its delay. Nor has plaintiff provided any information, in response to the order to show cause or otherwise, about the responses it has received from the companies. Thus, at best, the potential for legal representation by either of the bonding companies is purely speculative.

Because plaintiff has failed to comply with RCFC 83.1(c)(8) in the face of repeated admonitions by the court, the court **DISMISSES** plaintiff's case pursuant to RCFC 41(b). The Clerk is directed to enter judgment accordingly. In addition, the Clerk is directed to deliver this order to plaintiff via United States mail, with return receipt requested, to the following address:

Brickwood Contractors, Inc.
c/o Peter Kalos, President
11306 Industrial Road, P.O. Box 4685
Manassas, VA 20108-4685

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge