# In the United States Court of Federal Claims

No. 06-695 C
(Filed: May 21, 2008)

| | |
|---|---|
| BRICKWOOD CONTRACTORS, INC., | * |
| Plaintiff, | * |
| v. | * |
| THE UNITED STATES, | * |
| Defendant. | * |

## RULING ON PLAINTIFF'S RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT

On April 3, 2008, the court dismissed the above-captioned case due to plaintiff's ongoing failure to comply with Rule 83.1(c)(8) of the Rules of the United States Court of Federal Claims ("RCFC"), which requires corporations to be represented by counsel. Subsequent to the dismissal of the case, plaintiff retained an attorney, who seeks the reinstatement of this case based upon "excusable neglect." Defendant, in its response, asserts that it "respectfully defers to the Court's discretion regarding" plaintiff's RCFC 60(b) motion.

RCFC 60(b) permits the court, upon a party's reasonably timed motion, to "relieve a party . . . from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect." When ruling on an RCFC 60(b) motion based upon excusable neglect, the court must consider: (1) whether the moving party will be prejudiced; (2) whether the moving party has a meritorious claim or defense; and (3) whether culpable conduct of the moving party led to the final judgment, order, or proceeding. See Info. Sys. & Networks Corp. v. United States, 994 F.2d 792, 795 (Fed. Cir. 1993). No one factor is dispositive; instead, the court must "weigh the facts and use its discretion to determine" whether a case should be reinstated. Id. at 796.

Initially, plaintiff contends that defendant will not be prejudiced by the reinstatement of the case due to the brief amount of time that lapsed between dismissal and the instant motion, as well as defendant's knowledge that plaintiff intended to file the instant motion. Plaintiff also contends that it has a meritorious claim, as evidenced by defendant's failure to join an RCFC 12(b)(6) motion with its RCFC 12(b)(1) motion. The court finds that plaintiff has adequately satisfied these first two factors.

With respect the final factor, plaintiff argues that the dismissal was not caused by its own culpable conduct. Specifically, plaintiff first contends that it lacked notice of the court's March 25, 2008 order to show cause. The court finds this argument unpersuasive. The undersigned issued five orders in this case between March 5, 2008, and March 25, 2008, and each of these orders was mailed to the post office box address on plaintiff's letterhead, an address that plaintiff does not contend was incorrect.[1] Further, the undersigned's judicial assistant had several telephone conversations in early March with an attorney contemplating representing plaintiff and with one of plaintiff's representatives.[2] In addition, one of plaintiff's representatives sent a

---

[1] Plaintiff insinuates that the court's use of certified mail–which the court used to track mailings and confirm receipt–prevented plaintiff from having timely notification of the court's orders. The court rejects these insinuations. According to the United States Post Office's online tracking system, notice of certified correspondence was timely placed in plaintiff's post office box, as set forth below:

| **Date & Subject of Order** | **Date Notice Left in Plaintiff's P.O. Box** | **Date Plaintiff Signed for Order** |
|---|---|---|
| March 5, 2008 (ex parte request from prospective counsel) | March 6, 2008 | March 7, 2008 |
| March 7, 2008 (ex parte request from plaintiff) | March 8, 2008 | March 25, 2008 |
| March 7, 2008 (granting a two-week enlargement of time) | March 11, 2008 | March 25, 2008 |
| March 25, 2008 (order to show cause) | March 27, 2008 | April 12, 2008 |
| March 25, 2008 (returning fax) | not available | April 14, 2008 |

From this information, it is abundantly clear that plaintiff was on notice that the undersigned was using certified mail on March 7, 2008, when plaintiff retrieved the March 5, 2008 order. The court sees no credible explanation for why, with subsequent court orders, there exists such a significant gap of time between the date notice was placed in plaintiff's post office box and the date on which plaintiff actually retrieved the order. Plaintiff bears the responsibility for picking up mail from its post office box in a timely fashion, regardless of whether that mail is sent certified or otherwise, especially in light of its involvement in pending litigation. Moreover, it is completely reasonable for the court to presume that plaintiff, as an ongoing business concern, collects its mail on a daily basis.

[2] The telephone conversations with the attorney occurred prior to March 5, 2008, and the telephone conversations with plaintiff's representative occurred on March 7, 2008.

facsimile transmission to the court on March 25, 2008. The court finds that the breadth of communications between plaintiff and the court provides convincing evidence that plaintiff was fully cognizant of its responsibility to remain apprised of court directives and actions.[3] Plaintiff's conduct demonstrates willful ignorance of the court's order to show cause.

Plaintiff's willful ignorance does not place it in a flattering light, and the court is firmly convinced that plaintiff deliberately avoided receipt of the court's orders hoping to argue, as it now does, that it was unaware of those court orders. Plaintiff's failure to collect its mail in a timely fashion was nothing less than a dodge. However, plaintiff's willful ignorance is not fatal to its motion because plaintiff provides a second, more persuasive reason why the dismissal was not caused by its own culpable conduct. Plaintiff contends that it was diligent in its efforts to retain substitute counsel throughout the time period at issue. The court finds plaintiff's explanation on this point to be credible and meritorious.

Upon weighing the evidence presented on all three RCFC 60(b) factors, the court finds that the case should be reinstated. Accordingly, the court **GRANTS** plaintiff's motion for relief from judgment. The clerk is directed to **VACATE** the judgment.

The parties shall, **no later than Monday, June 23, 2008**, file a joint status report describing what additional discovery is necessary and suggesting a schedule for further proceedings.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge

---

[3] Indeed, any suggestion by plaintiff that it lacked knowledge that an order to show cause would be forthcoming if it did not retain substitute counsel is severely undercut by a February 22, 2008 e-mail from Ms. Veron Kalos–a representative of plaintiff–to Mr. Anthony W. McLaughlin–an attorney contemplating representation of plaintiff, that was submitted with plaintiff's motion. Ms. Kalos wrote: "My husband said [our previous attorney] has been released, and if we do not have a new attorney by March 10th, the Judge said he will send us a show cause [order], why he shouldn't dismiss without prejudice."